**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SAM DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JACKSON CITY SCHOOL DISTRICT, et al.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Civil Action: 2:13-cv-112

JUDGE ALEGENON L. MARBLEY

**PLAINTIFFS' MOTION FOR LEAVE TO**
**FILE AMENDED COMPLAINT**

Now come the Plaintiffs, by and through the undersigned counsel and, pursuant to Federal Rule 15(a)(2), move this Court for an order granting Plaintiffs leave to file the Amended Complaint, a copy of which is attached hereto as an Exhibit.

Plaintiffs submit that they are seeking leave to file an Amended Complaint for the following reasons:

1.    On February 7, 2013, counsel for Plaintiffs filed a Verified Complaint with this Court based on the unconstitutional maintenance and display of a portrait of Jesus Christ in the Jackson Middle School.

2.    On February 12, 2013, counsel for Defendants issued a "Report and Recommendation" to Defendants regarding the maintenance and display of the portrait of Jesus at Jackson Middle School which, inter alia, suggested that the District make changes to their policies regarding the hallway and the portrait.

3.    On February 12, 2013, counsel for a local student organization in Jackson High School called the "Hi-Yi Club" sent a letter to the school district expressing an "interest in having the portrait remain in the lobby" of the middle school, and suggesting

that it was the club's portrait.

4.     On March 13, 2013, approximately five weeks after Plaintiffs filed their complaint challenging the maintenance and display of the portrait in the Jackson Middle School, Defendants moved the portrait of Jesus that had been previously hanging in the hallway entrance of Jackson Middle School to the fine arts hallway of Jackson High School.

5.     After the change of placement of the portrait from Jackson Middle School to Jackson High School additional members of the community who were affected by the new placement of the portrait in the high school came forward to express that this display of the portrait in the high school was a violation of their right to freedom of religion.

6.     No party will be prejudiced by granting leave to the Plaintiffs to file their amended complaint since Defendants have yet to file a response to the original complaint.

**WHEREFORE**, Plaintiffs move this Court for an order granting them leave to file an Amended Complaint.

Respectfully Submitted,


/s/ James L. Hardiman
James L. Hardiman (0031043)
TRIAL ATTORNEY

## <u>MEMORANDUM OF LAW IN SUPPORT</u>

Fed. R. Civ. P. 15 (a) (1) specifically provides that a party may amend its

pleadings once as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleadings is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f) whichever is earlier.

Fed. R. Civ. P. 15 (a) (2) further clarifies the amendment procedure following the

expiration of 21 days and before a responsive pleading is filed, and provides that:

> (2)  In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave.  **The court should freely give leave when justice so requires**.  (Emphasis added).

In the present case, Plaintiffs filed their complaint on  February 7, 2013.

Defendants waived service of process and acknowledged that they have until April 8,

2013 to move or plead to Plaintiffs' complaint.  Prior to the filing of this motion Plaintiffs

requested written consent from Defendants, but have not received an indication as to

whether Defendants would consent or object to the proposed Amended Complaint.

Under these circumstances, and out of an abundance of caution, Plaintiffs are filing this

Motion for Leave to File an Amended Complaint.

The issue as to whether to grant leave to file an amended complaint is neither new

nor novel.  Fed.R.Civ.P. 15 (a) (2) specifically provides that "the court should freely give

leave when justice so requires."  Defendants, have not yet moved nor pleaded to the

original complaint and, therefore; they will not be subjected to any prejudice as a result of

an Amended Complaint.  See *Leary v. Daeschner,* 349 F.3d 888, 905 (6th Cir. 2003).

Further, the decision as to whether or not to permit the amendment rests within the sound

discretion of this Court.  *See, e.g., Zenith Radio Corp. v. Hazeline Research, Inc.,* 401

U.S. 321, (1971,) and *Estes v. Kentucky Util. Co.,* 636 F.2d 113 (6th Cir. 1980). This discretion, however, is "limited by Fed.R.Civ.P.15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits," rather than the technicalities of pleadings, *Marks v. Shell Oil Co.*, 830 F.2d 68 (6th Cir. 1987).

In the present situation, following the filing of Plaintiffs' complaint and the waiver of service by the Defendants, Defendants moved the portrait in dispute from the location it had occupied at the Jackson Middle School since approximately 1947 to a location at the Jackson High School. Defendants now also change their claim that the portrait was donated by the Hi-Y club, and instead, allege that the portrait belongs to the student organization. In addition, since the filing of the original complaint, Defendants have alleged that they have created a "limited public forum" in the middle and high school hallway through past practice, and now a newly approved school board policy. Stated differently, the moving of the portrait and creation of this policy is nothing more than a contrived pretext to conceal the Defendants' continued entanglement with the maintenance and display of the religious portrait.

In conclusion, Fed.R.Civ.P.15(a)(2) specifically provides that leave to amend be freely given when justice so requires, and the present situation requires that justice be served by granting Plaintiffs leave to address the factual changes caused by Defendants' actions.

WHEREFORE, for all of the foregoing reasons, Plaintiffs submit that justice will be served if they are permitted to amend their complaint and Defendants are given the appropriate additional time to respond.

Respectfully Submitted,

/s/ James L. Hardiman_____
James L. Hardiman (0031043)
TRIAL ATTORNEY
jhardiman@acluohio.org
Jennifer Martinez Atzberger  (0072114)
jatzberger@acluohio.org
Michael Honohan (0014082)
mhonohan@acluohio.org
American Civil Liberties Union of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
(216) 473-2220

Rebecca S. Markert (1063232)
rmarkert@ffrf.org
Pro Hac Vice
Freedom from Religion Foundation
P.O. Box 750
Madison, WI 53701
(608) 256-8900

## CERTIFICATE OF SERVICE

The foregoing Amended Verified Complaint was filed this 1st day of April, 2013 through

the Court's Electronic Filing System. Parties will be served, and may obtain copies

electronically, through the operation of the Electronic Filing System.


/s/ James L. Hardiman_____
James L. Hardiman
TRIAL ATTORNEY